Matter of Theune (2020 NY Slip Op 00283)





Matter of Theune


2020 NY Slip Op 00283


Decided on January 15, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2019-04769

[*1]In the Matter of Philipp Charles Theune, an attorney and counselor-at-law. (Attorney Registration No. 2497238)



The respondent, Philipp Charles Theune, was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 16, 1992. By order to show cause dated May 21, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the Opinion and Decision Imposing Sanctions of the Supreme Court of the State of Colorado dated July 21, 2015, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.



Diana Maxfield Kearse, Brooklyn, NY (Thomas J. Murphy of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.



PER CURIAM.


OPINION & ORDER
By Opinion and Decision Imposing Sanctions dated July 21, 2015, the Supreme Court of the State of Colorado (hereinafter the Colorado Supreme Court) disbarred the respondent and directed him to make restitution in the sum of $100,000.
The respondent was admitted to the Colorado Bar on October 15, 1992.
Colorado Proceedings 
The underlying facts are as follows: The respondent was immediately suspended by order of the Colorado Supreme Court on January 6, 2015. Registration Counsel for the People of the State of Colorado filed a complaint on January 27, 2015, alleging that the respondent represented Ernst Kappeli in connection with a real estate contract dispute. In 2006, Kappeli entered into a contract of sale to sell a certain piece of real estate to Alice Brien. The total purchase price was $6 million. Kappeli received $400,000 from Brien at the time the contract was executed. Thereafter, Brien repudiated the contract and litigation followed. The respondent represented Kappeli in that litigation. By order dated December 30, 2011, the trial court ordered Kappeli to return the $400,000 plus interest to Brien. Kappeli desired to comply with the court order and wired the $400,000 to the respondent's trust account on or about January 12, 2012. Thereafter, the respondent paid only $300,000 of the $400,000 to Brien and converted $100,000 for his own use and benefit without authority to do so. The respondent then concealed the fact of his conversion of the $100,000 intended for Brien until approximately November 2013.
The complaint charged the respondent with: (1) a failure to safeguard funds, in violation of rule 1.15(a) of the Colorado Rules of Professional Conduct; and (2) knowing conversion of client funds, in violation of rules 1.15(a) and 8.4(c) of the Colorado Rules of Professional Conduct.
The respondent failed to answer the complaint and a default was entered against him on March 27, 2015, finding that he violated rules 1.15(a) and 8.4(c) of the Colorado Rules of Professional Conduct. Further, the respondent failed to appear at a sanctions hearing held on June 16, 2015.
The Colorado Supreme Court adopted the facts as alleged in the complaint. In determining the appropriate sanction, the court noted that the respondent violated his duty of loyalty to his client Kapelli, that the respondent acted knowingly, and that he caused serious financial injury. Four aggravating factors were identified: (1) the respondent had a dishonest and selfish motive by knowingly converting client money for his own personal use and then concealing his misappropriation for nearly two years; (2) the respondent enjoyed substantial experience in the law (20 years of practice); (3) the respondent showed indifference to making restitution as the sums remain unpaid; and (4) the respondent engaged in illegal conduct. One mitigating factor was noted: the respondent has no prior disciplinary history. Given the seriousness of the misconduct, however, the court gave the mitigating factor little weight.
The Colorado Supreme Court concluded that a disbarment was warranted, and by Opinion and Decision Imposing Sanctions dated July 21, 2015, it disbarred the respondent and directed the respondent to make restitution in the amount of $100,000 to Kapelli, or alternatively to the Colorado Attorneys' Fund for Client Protection, to the extent the Attorney's Fund for Client Protection has reimbursed Kapelli.
Order to Show Cause 
By order to show cause dated May 21, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the Supreme Court of the State of Colorado, dated July 21, 2015, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court on or before July 10, 2019.
Although served with a copy of the order to show cause on May 29, 2019, the respondent has neither served a response, nor has he requested additional time in which to do so.
In addition to the Colorado disbarment and the respondent's failure to notify this Court of it, we note that the respondent is delinquent with his attorney registration in New York for three biennial periods: 2014-2015, 2016-2017, and 2018-2019.
Findings and Conclusion 
We find that reciprocal discipline is warranted based on the findings of the Supreme Court of Colorado. We conclude that the respondent's misappropriation of $100,000 in client funds for personal use warrants a disbarment.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Philipp Charles Theune, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Philipp Charles Theune, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Philipp Charles Theune, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Philipp Charles Theune, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court